[Cite as *State v. Hackney*, 2011-Ohio-1801.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.  95227

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL HACKNEY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-527989

**BEFORE:**  Boyle, P.J., Sweeney, J., and Keough, J.

**RELEASED AND JOURNALIZED:**  April 14, 2011

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, Ohio   44145

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Robert Botnick
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

**{¶ 1}**  Defendant-appellant, Michael Hackney, appeals his convictions, raising a single assignment of error:

**{¶ 2}**  "The trial court erred in overruling appellant's motion to suppress where the search violates appellant's rights against unreasonable search and seizure under the Fourth Amendment to the U.S. Constitution and Section 14, Article 1 of the Ohio Constitution."

**{¶ 3}**  We affirm.

<u>Procedural History and Facts</u>

{¶ 4} Hackney was named as a co-defendant in three counts of a 17-count indictment relating to the possession and sale of cocaine. He was charged with one count of trafficking in the vicinity of a school, in violation of R.C. 2925.03(A)(2), one count of drug possession, in violation of R.C. 2925.11(A), and one count of possession of criminal tools, in violation of R.C. 2923.24. He pleaded not guilty to the charges and moved to suppress the evidence giving rise to his indictment. The following evidence was presented at his suppression hearing:

{¶ 5} Lakewood detective David Kappa testified that on August 20, 2009, he, along with several other members of the Lakewood Police Department, was conducting surveillance in the area of Wascana and Madison avenues in Lakewood, awaiting the arrival of Charles Finley. The police had been tracking Finley, along with co-defendant, Katherine Cawley, for a few days and suspected that they were involved in selling crack cocaine. A confidential reliable informant ("CI") was scheduled to make a controlled buy from Finley on that day, and surveillance was set up at various points in the area.

{¶ 6} Det. Kappa first spotted Finley's vehicle, a 2004 gray Pontiac Grand Am, traveling north on Wascana toward Madison and observed two other occupants inside the vehicle. The vehicle proceeded to the area of the controlled buy where Finley was the only person observed leaving the vehicle and later returning. Det. Kappa then received a radio call that the transaction had been completed — a sale of 28 grams of powder cocaine — and,

shortly thereafter, he spotted the vehicle return again to his surveillance area. Det. Kappa, driving an undercover vehicle, pulled behind Finley's vehicle and proceeded to follow him. At the corner of Wascana and Lakewood Heights Boulevard, Det. Kappa, along with four or five other police cars, "took down" Finley's vehicle and boxed it in, after suspecting that Finley was going to flee.

{¶ 7} Det. John Guzik testified that he assisted in the surveillance and apprehension of Finley's vehicle. He testified that, once Finley's vehicle came to a stop, he immediately left his vehicle and approached the rear of Finley's vehicle, where Hackney was seated. According to Det. Guzik, "Hackney was seated in the rear passenger seat directly behind the passenger of the vehicle * * * — it was a bench seat in the Grand Am." He further testified that there was a black scale sitting right next to Hackney in the middle of the seat in plain view. Det. Guzik explained that he "immediately recognized it to be a scale which is commonly used to weigh up narcotic drugs," and one that he has "come across on numerous occasions in [his] ten years working narcotics." Upon seeing the scale, Det. Guzik removed Hackney from the vehicle and placed him under arrest for trafficking in cocaine.

{¶ 8} Hackney was then transported by another officer to jail where, prior to being strip-searched, he voluntarily turned over a plastic bag, containing 28 grams of powder cocaine.

{¶ 9} The trial court ultimately denied the motion to suppress, finding that the police had probable cause to arrest Hackney for trafficking in cocaine based on the totality of the circumstances, including, among other things, Hackney's presence in the car before and after the drug buy and the presence of the scale found immediately next to him in the back seat of the car.

{¶ 10} Following the trial court's denial of the motion to suppress, Hackney entered a no contest plea to the three counts of the indictment. The trial court found him guilty and sentenced him to a total of three years in prison. The court also informed Hackney that he would be subject to three years of postrelease control.

{¶ 11} It is from this judgment that Hackney now appeals, challenging the trial court's denial of his motion to suppress.

### Standard of Review

{¶ 12} A motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. * * * Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. * * * Accepting these facts as true, the appellate

court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." (Internal citations omitted.)  Id.

<u>Probable Cause for Warrantless Arrest</u>

**{¶ 13}** The Fourth Amendment to the United States Constitution, made applicable to the states by its incorporation into the Fourteenth Amendment, provides that people are "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * * and no Warrants shall issue, but upon probable cause * * *."

**{¶ 14}** "An arrest without a warrant is constitutionally invalid unless the arresting officer had probable cause to make the arrest." *State v. Werber*, 8th Dist. No. 93716, 2010-Ohio-4883, ¶36.  The test for probable cause to justify an arrest is "whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142.  Whether a Fourth Amendment violation has occurred "turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time." *Scott v. United States* (1978), 436 U.S. 128, 136, 98 S.Ct. 1717, 56 L.Ed.2d 168.

**{¶ 15}** Probable cause requires more than a generalized suspicion of criminal conduct, although less certainty than proof beyond a reasonable doubt.  *Werber* at ¶37.  Probable

cause must exist at the time of the arrest; it cannot be established later by evidence gathered from the suspect after his illegal arrest. *Beck*, supra.

{¶ 16} Hackney argues that the police lacked probable cause to arrest him because there was no direct evidence of him trafficking in drugs. He essentially contends that he was arrested because of his mere presence in the vehicle. We disagree.

{¶ 17} Initially, we note that had the police lacked probable cause to arrest Hackney, all of the evidence flowing from the arrest, including Hackney's surrendering of the 28 grams of cocaine, would be subject to suppression. See *Wong Sun v. United States* (1963), 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; *Mapp v. Ohio* (1961), 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (Evidence that law enforcement officers obtain from an arrest that violates the Fourth Amendment must be excluded from evidence as "fruit of the poisonous tree."). But based on the record before us, we find that competent, credible evidence exists to support the trial court's finding that Det. Guzik had probable cause to arrest Hackney.

{¶ 18} The evidence presented at the suppression hearing established that prior to Hackney's arrest, the police had been working on a drug investigation, the target of which was co-defendant Finley. On the day of the incident, the police used a CI and arranged for a drug buy from Finley, where Finley sold 28 grams of cocaine. Although the police were expecting only one other person to accompany Finley, namely, co-defendant Katherine Cawley, Det. Guzik testified that it is customary in large-scale narcotics for individuals to

work in groups of two to three people. He explained that it is especially useful for the purpose of detecting law enforcement.

{¶ 19} The evidence further revealed that Hackney and Cawley both remained in the vehicle while Finley went inside the premises to sell the drugs to the CI — all of this was known to Det. Guzik prior to opening the back seat of Finley's vehicle. When Det. Guzik opened the back seat of Finley's vehicle, he immediately observed a black digital scale, commonly used for the measuring of drugs, next to Hackney in the back seat. Based on the totality of the circumstances, the evidence supports a finding that Det. Guzik had probable cause to believe that Hackney was working together with Finley in the sale of cocaine. We therefore cannot say that the arrest of Hackney violated the Fourth Amendment. Accordingly, we find no error in the trial court's denial of Hackney's motion to suppress.

{¶ 20} The sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR